**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**LANDON G. BOYER,**

**Plaintiff,**

**v.**

**JUSTIN BREWSTER, *et al.*,**

**Defendants.**

**Case No. 2:26-cv-00918**

**Chief District Judge Sarah D. Morrison**
**Magistrate Judge Kimberly A. Jolson**

**ORDER AND REPORT AND RECOMMENDATION**

This matter is before the Undersigned for consideration of Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 1), and the initial screen of his Complaint (Doc. 1-3), under 28 U.S.C. § 1915(e)(2). Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 1) is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. *See* 28 U.S.C. § 1915(a). After conducting the required initial screen, the Undersigned **RECOMMENDS** that Plaintiff's Complaint (Doc. 1-3) be **DISMISSED**.

## I. BACKGROUND

Plaintiff's Complaint claims that two Pike County, Ohio County Clerk employees, violated his civil rights. (Doc. 1-3). The Complaint itself is somewhat vague, and Plaintiff relies on the more than 200 pages of attached exhibits to fill in his allegations. (*Id.*; *see also* Docs. 1-4, 1-5). As best the Undersigned can tell, in December 2025, the Pike County Court stayed one of Plaintiff's criminal actions pending an appeal. (Doc. 1-3 at ¶ 9). While the case was stayed, Plaintiff filed several motions and notices. (*Id.* at ¶ 10). He says the filings were "time-sensitive" but were apparently not docketed by the Pike County Clerk's office right away. (*Id.* at ¶¶ 10–12). He states their untimely filing resulted in the appellate court being unable to consider them "when

needed." (*Id.*). Plaintiff asserts that Defendant Justin Brewster, the Pike County Clerk of Courts, "adopted or ratified the position that eventual docket appearance cured the injury." (*Id.* at ¶ 13). Plaintiff obviously does not agree. (*Id.* at ¶¶ 14–17). He additionally asserts that the Pike County Clerk's office, under Brewster, "maintained or ratified" the following practices that harmed him: "(a) delayed docketing of received filings; (b) treating eventual entry as a cure despite lost use; (c) inadequate preservation of original receipt dates and audit trails; (d) incomplete or unreliable appellate transmission; (e) inadequate conflict screening for deputy clerks handling matters involving close relatives; (f) failure to independently audit and correct after actual notice; and (g) unequal or inadequately documented notice procedures." (*Id.* at ¶ 33).

Plaintiff separately asserts that Pike County Clerk employee Beth Oyer Seif has a "family relationship" with a person involved in one of Plaintiff's cases. (*Id.* at ¶ 18–22). Plaintiff seems to imply that she and her family member had inappropriate communications about his case, and she was not "screened" off working on his cases by Defendant Brewster. (*Id.*). He also alleges she failed to include proof of completed certified service on documents the Pike County Clerk's office sent him related to his criminal and civil cases. (*Id.* at ¶¶ 24–30). Plaintiff says the resulting "notice disparity" and other "record defect[s]" caused "lost procedural opportunities, additional compulsory proceedings, continuing arrest exposure, costs of corrective litigation, copying and mailing expenses, loss of use of civil claims, and emotional and physical consequences." (*Id.* at ¶¶ 30–31).

Plaintiff raises five claims under 42 U.S.C. § 1983: (1) denial of access to courts under the First and Fourteenth Amendments against both Defendants; (2) procedural due process under the Fourteenth Amendment against both Defendants; (3) civil rights conspiracy against both Defendants; (4) supervisory liability and failure to correct against Defendant Brewster in his

individual capacity; and (5) *Monell* liability against Brewster in his official capacity. (*Id.* at ¶¶ 37–68). Plaintiff seeks compensatory, nominal, and punitive damages; injunctive relief; and declaratory relief. (*Id.* at 8–9).

## II. STANDARD

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Complaints by *pro se* litigants are to be construed liberally and held to less stringent standards than those prepared by attorneys. *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004). But this leniency is not boundless, and "it is not within the purview of the district court to conjure up claims never presented." *Frengler v. Gen. Motors*, 482 F. App'x 975, 977 (6th Cir. 2012). At bottom, "basic pleading essentials" are still required, regardless of whether an individual proceeds *pro se*. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

These essentials are not onerous or overly burdensome. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," *see* Fed. R. Civ. P. 8(a)(2), and provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation omitted). In reviewing Plaintiff's Complaint at this stage, the Court must construe it in her favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although this standard does not require "detailed factual allegations, . . . [a] pleading that offers labels and conclusions" is insufficient. *Id.* at 678 (internal

quotation and quotation marks removed). In the end, the Court must dismiss the Complaint "if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotation and quotation marks omitted).

## III. DISCUSSION

Plaintiff's claims must be dismissed because he fails to state a claim for which relief can be granted and for many claims, Defendants are immune.

### A. Individual Capacity Claims

To begin, Plaintiff asserts claims against both Defendants in their individual capacities. (Doc. 1-3 at 2). As relief, he seeks compensatory, nominal, and punitive damages. (*Id.* at 8–9). However, these claims seeking monetary relief are barred as a function of Defendants' judicial immunity.

Absolute judicial immunity extends to "non-judicial officers who perform 'quasi-judicial'" duties." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citation omitted). These officers include "persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Id.* The Sixth Circuit has expressly found "a court clerk who performs tasks that are an integral part of the judicial process is entitled to absolute quasi-judicial immunity from suits for damages." *Gallagher v. Lane*, 75 F. App'x 440, 441(6th Cir. 2003). And a clerk who "files or refuses to file a document with the court" is entitled to the immunity "provided the acts complained of are within the clerk's jurisdiction." *Harris v. Suter*, 3 F. App'x 365, 366 (6th Cir. 2001). *See also Bradley v. United States*, 84 F. App'x 492 (6th Cir. 2003) (affirming the application of judicial immunity for a court clerk's employee's ministerial duties); *Carlton v. Baird*, 72 F. App'x 367 (6th Cir. 2003) (affirming dismissal on immunity grounds of a complaint against state court clerk's office employees who did not file a complaint because the plaintiff did not pay the filing fee); *Mwonyonyi v. Gieszl*, 895 F.2d 1414

(Table) (6th Cir. 1990) (finding a state court deputy clerk who refused to file a document was immune from claims for damages); *McGee v. United States*, No. 1:10-CV-521, 2010 WL 3211037, at *3 (S.D. Ohio Aug. 12, 2010) (dismissing allegations against clerk of court defendants who refused to file or improperly filed documents on immunity grounds); *Sealy v. Barrett*, No. 1:21-CV-651, 2022 WL 17842943, at *3 (S.D. Ohio Dec. 22, 2022), *report and recommendation adopted*, No. 1:22-CV-651, 2023 WL 2760529 (S.D. Ohio Apr. 3, 2023); *Leppla v. Kagel*, No. 3:19 CV 2487, 2020 WL 5106841, at *4 (N.D. Ohio Aug. 31, 2020).

Here, Plaintiff's allegations center on Defendants Brewster and Sief's work on his state court cases: filing or not filing his submissions; providing him certain types of notice; and communicating with him. Under the caselaw described above, these functions are "integral" to the judicial process and were taken within Defendants' jurisdiction. *See, e.g.*, *Harris*, 3 F. App'x at 366; *McGee*, 2010 WL 3211037, at *3. Accordingly, Plaintiff's claims against Defendants seeking damages in their individual capacities are barred by quasi-judicial immunity and must be dismissed.

**B. Official Capacity Claims**

Plaintiff also sues Defendant Brewster in his official capacity "for policies, customs, practices, and final policymaking decisions of the Clerk's office." (Doc. 1-3 at 2). Like before, Plaintiff's damages request against Brewster in his official capacity is barred by immunity.

"Sovereign immunity bars claims for money damages based on [] federal rights by state agencies and state officials sued in their official capacities." *Hall v. Bd.*, No. 24-3797, 2025 WL 2639656, at *2 (6th Cir. Apr. 17, 2025), *cert. denied*, 223 L. Ed. 2d 577 (Jan. 26, 2026). In this case, claims for monetary damages against Defendant Brewster in his official capacity are treated as claims against the Pike County Clerk of Courts, "which is considered an arm of the state for

purposes of § 1983 and sovereign immunity." *Williams v. Parikh*, No. 24-3059, 2024 WL 5355086, at *2 (6th Cir. Sept. 4, 2024) (considering claims against employees of Hamiliton Country Clerk of Courts), *cert. denied*, 145 S. Ct. 2713 (2025); *see also Williams v. Parikh*, 708 F. Supp. 3d 1345, 1353 (S.D. Ohio 2023) ("For § 1983 purposes, the courts of common pleas and their employees are deemed entities under the control of the state government, not the county government, because they derive governmental authority directly from the Ohio Constitution."); *see also Laborers' Int'l Union of N. Am., Loc. 860 v. Neff*, 29 F.4th 325, 330 (6th Cir. 2022) (noting Ohio "treats the common pleas courts and their subdivisions as segments of state government"). Therefore, to the extent Plaintiff seeks monetary damages against Defendant Brewster in his official capacity, his claims should also be dismissed.

Further, Plaintiff asks for several strains of injunctive relief, all of which would require the Court to compel Defendants, as Pike County Clerk's office employees, to act. (Doc. 1-3 at 9). Specifically, he wants certain documents or data preserved, his filing history reconstructed, his dockets corrected, and conflict-screening procedures applied on his cases. (*Id.*).[1] Immunity principles apply here too. Generally, under *Ex parte Young* and its progeny, a plaintiff "may maintain his suit against [a state officer] without running afoul of the Eleventh Amendment to the extent that the plaintiff requests purely prospective injunctive relief." *Williams*, 708 F. Supp. 3d at 1355. However, the exception "expressly prohibits injunctions directed toward state judicial officers regarding their adjudication of the cases and controversies put before them." *Id.* (citing

---

[1] Because of the nature of the relief—and because Plaintiff's Complaint does not state otherwise—the Undersigned does not read Plaintiff's Complaint as suing Defendants in their individual capacities for the injunctive relief sought. *Cf. Cmty. Mental Health Servs. v. Mental Health & Recovery Bd. Serving Belmont, Harrison & Monroe Ctys.*, 150 F. App'x 389, 401 (6th Cir. 2005) ("Just as a plaintiff cannot sue a defendant in his official capacity for money damages, a plaintiff should not be able to sue a defendant in his individual capacity for an injunction in situations in which the injunction relates only to the official's job, *i.e.*, his official capacity."); *see also Greenawalt v. Ind. Dep't of Corr.*, 397 F.3d 587, 589 (7th Cir. 2005) ("[S]ection 1983 does not permit injunctive relief against state officials sued in their individual as distinct from their official capacity.").

*Ex parte Young*, 209 U.S. 123, 163 (1908)); *see also Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021) (noting the *Ex parte Young* exception "does not normally permit federal courts to issue injunctions against state-court judges or clerks"). If the Court were to enjoin Defendants to take specific actions, it would impermissibly "restrain" the state court on whose behalf Defendants act from "proceeding in their own way to exercise jurisdiction" in Plaintiff's cases. *Williams*, 708 F. Supp. 3d at 1355 (citing *Ex parte Young*, 209 U.S. at 163); *see also Williams*, 2024 WL 5355086, at *2. For this reason, Defendant are immune from claims for injunctive relief brought against them in their official capacities as well. *See Williams*, 708 F. Supp. 3d at 1355–56.

**C. Declaratory Relief**

Having found that both monetary and injunctive relief are unavailable, all that remains is Plaintiff's request for a "declaration that the challenged policies and conduct violated his rights." (Doc. 1-3 at 8 (also asking for the Court to "[e]nter judgment declaring that Defendants violated Plaintiff's rights of court access and procedural due process")). A declaratory judgment claim is "actionable only to the extent it seeks prospective relief." *Ward v. City of Norwalk*, 640 F. App'x 462, 468 (6th Cir. 2016) ("Article III's case-or-controversy requirement, moreover, operates to ensure that declaratory relief is available only when a live controversy continues to exist."). Plaintiff's Complaint does not seek prospective relief. (Doc. 1-3 (asking for a declaration that Defendants "violated" his rights)). Therefore, the declaratory relief sought is not actionable and must be dismissed. *See Swann v. Reese*, No. 3:20-CV-509, 2022 WL 1591694, at *6 (S.D. Ohio May 19, 2022).

***

In sum, the Undersigned concludes that Plaintiff fails to state a claim on which relief may be granted and, alternatively, that Defendants are immune. As such, Plaintiff's Complaint should be dismissed in its entirety.

## IV. CONCLUSION

For the foregoing reasons, the Undersigned **GRANTS** Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 1). After conducting an initial screen of the Complaint under 28 U.S.C. § 1915(e)(2), the Undersigned **RECOMMENDS** that it be **DISMISSED**.

IT IS SO ORDERED.

Date: August 14, 2026

/s/Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed finding or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specific proposed findings or recommendations to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a forfeiture of the right to have the district judge review the Report

and Recommendation *de novo* and in a forfeiture of the right to appeal the decision of the District Court adopting the Report and Recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530–31 (6th Cir. 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).